IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**IMORI CORTEZ MUMFORD, SR.,**

    **Plaintiff,**

  v.         CASE NO.  08-3079-SAC

**DEPUTY KLINGELE,**

    **Defendant.**

### O R D E R

  This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Johnson County Adult Detention Center, Olathe, Kansas. Plaintiff names as defendant Deputy Klingele, New Century County Jail, Gardner, Kansas.  As the factual background for his complaint, Mr. Mumford states that on December 11, 2007, he was taken to the New Century County Jail, and was in custody on traffic tickets, when defendant Deputy Klingele was "rasical and lied on" him and applied excessive force while he was handcuffed.  He also alleges defendant Klingele rammed him face first into a wall, knocking his front tooth loose, and injuring his shoulder and body.  He further alleges that pictures were taken of his injuries, and medical attention was needed.  He thus claims he was subjected to assault and battery and excessive force.

  Mr. Mumford requests that charges be brought against defendant Klingele and that he be awarded damages for injuries, pain and suffering.  He also requests appointment of counsel in his complaint.

  Plaintiff has no right to appointment of counsel in a civil rights action.  The court finds that Mr. Mumford appears capable of

presenting facts in support of his claims, and the appointment of counsel is not necessary at this juncture. Plaintiff may renew his request, if he chooses, by submitting a motion with the title "Motion for Appointment of Counsel" at a later time.

The bringing of criminal charges against a person for assault and battery is within the discretion of a county prosecutor or other prosecuting attorney, and is not relief available in a Section 1983 complaint. Accordingly, plaintiff's request for this particular relief is denied as outside the court's authority. However, plaintiff may proceed upon his claims for money damages, and the court finds that a responsive pleading is required.

Plaintiff seeks leave to proceed without prepayment of fees (Doc. 2) and has submitted the requisite affidavit and financial records in support of his motion. Under the Prison Litigation Reform Act, a prisoner litigant is required to pay the full filing fee in a civil action. Where insufficient funds exist for initial payment of the full filing fee, the court is directed to collect an partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months. 28 U.S.C. § 1915(b)(1)(A) and (B). However, where an inmate has no means by which to pay an initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action. 28 U.S.C. § 1915(b)(4).

Having considered the plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants leave to proceed in forma pauperis. However, plaintiff remains obligated to pay the $350.00 district court filing fee in this civil action, and payments

2

may be collected from his inmate trust fund account when funds become available as authorized by 28 U.S.C. § 1915(b)(2).

**IT IS THEREFORE ORDERED** that plaintiff's Application to Proceed Without Prepayment of Fees (Doc. 2) is granted, and that his request for appointment of counsel in the complaint (Doc. 1) is denied, without prejudice.

**IT IS FURTHER ORDERED** that the clerk of the court shall prepare summons and waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served on defendant by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.

**IT IS FURTHER ORDERED** that the screening process under 28 U.S.C. § 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant to D.Kan.R. 40.1.

Copies of this Order shall be transmitted to plaintiff, to defendant, and to the Finance Officer at the institution where plaintiff is currently incarcerated.

**IT IS SO ORDERED.**

Dated this 10th day of April, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge