## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| IMORI CORTEZ MUMFORD, SR., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 08-3079-CM** |
| | ) | |
| (FNU) KLINGELE, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Imori Cortez Mumford, Sr., brings this *pro se* civil rights action under 42 U.S.C. §

1983 against defendant (fnu) Klingele alleging unconstitutionally excessive application of force.

The case is before the court on three pending motions: defendant's motion for summary judgment,

(Doc. 38); plaintiff's motion for summary judgment (Doc. 42); and defendant's motion to strike

(Doc. 43), asking this court to strike plaintiff's motion for summary judgment or, in the alternative,

grant additional time for defendant to respond.  Additionally, because plaintiff failed to file a

response to defendant's motion for summary judgment, this court issued an order to show cause why

that motion should not be granted pursuant to Local Rule 7.4, and directed plaintiff to respond to

defendant's dispositive motion (Doc. 48).  In this memorandum and order, the court will address

defendant's motion for summary judgment (Doc. 43); and plaintiff's consolidated response to the

court's order and to defendant's motion (Doc. 50).  For the reasons that follow, the court finds the

plaintiff's response insufficient, grants defendant's motion for summary judgment, and denies the

remaining pending motions as moot.

### I.      Procedural Background

The circumstances leading to this case began on December 11, 2007, when plaintiff was arrested on outstanding warrants for traffic tickets and taken to the New Century County Jail in Johnson County, Kansas, where defendant deputy Klingele was acting as the lead officer, managing intake and booking.

According to plaintiff's complaint, defendant placed plaintiff in handcuffs and leg irons. While plaintiff was thus constrained, defendant twisted plaintiff's arm behind his back, rammed plaintiff face-first into a wall, knocking a front tooth loose and causing several bruises on plaintiff's body.  Plaintiff asserts that he required medical attention as a result.  He claims that his civil rights were violated by defendant's application of excessive force in violation of the Eighth Amendment.[1] He alleges a cover-up, evidenced by the failure to record the incident on video tape, and seeks $100,000 "for the damage and bruise [defendant] caused" as well as pain and suffering.

Defendant's motion for summary judgment disagrees with plaintiff's version of the circumstances, and provides context for the allegedly excessive force.  Shortly after plaintiff was brought in on December 11, 2007, and was placed in a cell, plaintiff began engaging in loud and disruptive conduct.  He was non-compliant during the booking process, and, due to his disruptive attitude and yelling constant obscenities at officers, plaintiff was placed in holding cell 5.  His disruptive conduct continued to deteriorate.  Officers decided to place plaintiff in a cell containing a restraint bench, to which plaintiff could be legcuffed to prevent him from pounding on the cell windows and doors.  Defendant asserts that he did not anticipate plaintiff's obnoxious behavior to escalate to physical violence, and therefore did not place plaintiff in any restraints before escorting

---

[1]  Plaintiff also claimed "assault and battery" and requested that charges be brought against defendant Klingele.  Judge Crow denied this requested relief as beyond the authority of the court. (Doc. 3, at 2.)

-2-

him to cell 3.  Plaintiff continued to yell obscenities at the officers while walking, and, about

halfway between cells 5 and 3, plaintiff started to turn toward defendant, as though "sizing [him] up

for a fight."  In response, defendant grabbed plaintiff's right wrist and placed it behind plaintiff's

back, while placing his right hand on plaintiff's right bicep.  Plaintiff resumed walking at

defendant's command, but within the next few steps, tensed up his right arm and started to turn

toward Klingele again.  Klingele kept his grip on plaintiff's arm, lowered his left shoulder, and

pushed plaintiff to a nearby wall, maintaining control of plaintiff and preventing plaintiff from

squaring off with him.  Plaintiff was then escorted to cell 3 without incident, where he continued to

yell obscenities at the officers.  Defendant asserts that plaintiff's head did not hit the wall, and that

Klingele did not otherwise strike, hit, or have other contact with plaintiff.  Plaintiff, whose conduct

was subsequently videorecorded, had no significant injuries as a result of the incident.

Indeed, the videorecording begins just after the challenged incident; reveals plaintiff being

placed in a restraint chair; and documents his belligerent and disruptive conduct and threats to

officers.

Defendant asserts that judgment is proper under the doctrine of qualified immunity because

defendant's conduct did not rise to the level of a constitutional violation.  Even if the application of

force was excessive, defendant is nevertheless immune because it would not have been clear to a

reasonable officer that the force applied was excessive.

Although plaintiff subsequently filed a motion for summary judgment of his own, plaintiff

failed to respond to defendant's motion or otherwise controvert the facts set out therein.  This court

issued an order to show cause, to which plaintiff filed a handwritten two-page response asserting that

defendant's motions should not be granted because defendant's excessive use of force violated his

Eighth Amendment rights; plaintiff has pictures of the injuries; the Sixth Amendment guarantees

him a right to a speedy and public trial by jury; and "[plaintiff] should be the one getting motions for summary judgment granted."  (Doc. 50.)  During the pretrial conference, Magistrate Judge O'Hara informed plaintiff that his response to the order to show cause was probably insufficient, and suggested "plaintiff would be well-served to consider immediately filing supplemental papers" with regard to the summary judgment motions.  Plaintiff failed to follow this advice.

The court finds that plaintiff's consolidated response does not constitute a sufficient showing of excusable neglect.  D. Kan. R. 7.4.  Nevertheless, the court considers defendant's motion on its merits, and to the extent possible, will treat plaintiff's motion for summary judgment (Doc. 42) as a response, in order to determine whether there exists any genuine issue of material fact to preclude summary judgment in favor of defendant.[2]

## III.    Judgment Standards

Summary judgment is appropriate if the pleadings, discovery, disclosure materials, and any affidavits show that there is "no genuine issue as to any material fact" and that the moving party is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While this court construes *pro se* pleadings liberally, plaintiff's *pro se* status does not excuse him from the burden of coming forward with some "specific factual support," other than conclusory allegations, to support his claims.  *Douglass v. Gen. Motors Corp.*, 368 F. Supp. 2d 1220, 1228 (D.

---

[2]  The court treats plaintiff's complaint, sworn and made under penalty of perjury, as an affidavit, and also treats a *Martinez* report like an affidavit.  *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997); *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978).  In this case, there was no *Martinez* report filed.

Kan. 2005) (citing *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988).

## III.    Discussion

The doctrine of qualified immunity, invoked here by defendant, shields government officials performing discretionary functions from liability for damages to the extent their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Buck v. City of Albuquerque*, 549 F.3d 1269, 1277 (10th Cir. 2008).

In response to a defendant's qualified immunity-based motion for summary judgment, a plaintiff must meet a heavy burden, showing that the defendant violated a constitutional or statutory right and the right was clearly established at the time of the defendant's unlawful conduct.  *Pearson v. Callahan*, 129 S. Ct. 808, 820–22 (2009) (relaxing the order of the rigid two-part standard set out by *Saucier v. Katz*, 533 U.S. 194 (2001)); *Buck*, 549 F.3d at 1277.

For a right to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.  *Id.*  In other words, for a constitutional right to be clearly established, as would preclude defense of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law, the unlawfulness must be apparent.  *Weigel v. Broad*, 544 F.3d 1143 (10th Cir. 2008) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)) (holding troopers violated clearly established law, as would preclude qualified immunity, where they employed unnecessary deadly force to restrain a suspect who was already handcuffed, whose legs were restrained, and who was lying prone, face down, and incapacitated).

Plaintiff alleges that defendant, a governmental officer acting under color of law, violated his Eighth Amendment rights by forcing him into a wall.[3]  The Eighth Amendment prohibits "'the unnecessary and wanton infliction of pain.'"  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citation omitted).  Courts evaluating a claim of excessive force must consider "'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'"  *Id*. at 6 (citation omitted).

It is undisputed that defendant forced plaintiff into a wall.  Plaintiff disputes the motivation for this action, *i.e.*, defendant's reasonableness, and the injuries that resulted.  Plaintiff asserts that defendant caused "malicious pain . . . to me by slamming me into a wall and then l[y]ing to cover up his wrongdoing and violation [sic] my civil rights 8th Adem [sic]."  (Doc. 42, at 8.)  He claims he was not being disrespectful or disruptive.  (Doc. 42, at 6.)  Plaintiff asserts that none of the other deputies' reports from December 11 indicate that plaintiff had became physically aggressive with defendant.  Plaintiff also alleges, in conclusion and without support in the record, that defendant had a history of mistreating inmates.

However, plaintiff offers nothing more than conclusory allegations.  There is no support in the record for his assertions.  Although plaintiff refers to unauthenticated reports attached to his motion, these reports fail to support his contentions, and in fact support defendant's version of the incident.  Defendant asserts that "plaintiff became physically resistive and combative when being escorted to a cell"; that defendant "pushed [plaintiff] up against a wall to help gain control of

_____

[3]  It is undisputed that plaintiff was a pretrial detainee at the time of the December 11, 2007 incident.  Claims concerning a convicted prisoner's conditions of confinement are evaluated under the Eighth Amendment, while the conditions of a pretrial detainee's confinement must be examined under the Due Process Clauses of the Fifth and Fourteenth Amendments.  However, "[a]lthough the Due Process clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims."  *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citation omitted).

[p]laintiff"; that this force was "justified and necessary in order to maintain control and order while transporting [p]laintiff"; that defendant did not ram plaintiff face-first into a wall and knock a front tooth loose; that defendant caused no injuries or bruises to plaintiff; and that any injury plaintiff sustained was a result of his "own belligerent and combative conduct."  (Doc. 12.)  Indeed, defendant provides ample evidentiary basis to support his contention that his conduct was an objectively reasonable response to plaintiff's aggression under the circumstances, and that the force was applied in a good-faith effort to maintain or restore discipline rather than to maliciously cause harm.  *See Hudson*, 503 U.S. at 6).  Where the record clearly contradicts the plaintiff's version of events so that no reasonable jury would believe it, the court will not adopt that version for purposes of ruling on summary judgment.  *Scott v. Harris*, 550 U.S. 372, 378–79 (2007) (where videotape of incident contradicted respondent's version of events, district court erred in adopting respondent's assertions to deny summary judgment on qualified immunity).

The court acknowledges the fact-specific nature of its reasonableness inquiry, nevertheless the Supreme Court has continued to urge the early resolution of reasonableness questions in the context of qualified immunity.  *See Medina v. Cram*, 252 F.3d 1124, 1131 (2001) (citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).  The court finds that plaintiff has failed to satisfy his burden to establish a constitutional violation.  The court concludes that defendant is entitled to qualified immunity.  *Pearson*, 129 S. Ct. at 823.

In light of the ruling granting summary judgment in favor of defendant on the issue of qualified immunity, it is not necessary for this court to address plaintiff's motion for summary judgment on its merits, or defendant's motion to strike.  The court therefore denies those motions as moot.

**IT IS THEREFORE ORDERED** that defendant's Motion for Summary Judgment (Doc.

38) is granted.

     **IT IS FURTHER ORDERED** that plaintiff's Memorandum in Support of Plaintiff Motion

for Summary Judgment (Doc. 42) is denied as moot.

     **IT IS FURTHER ORDERED** that defendant's Motion to Strike Plaintiff's Memorandum in

Support of Summary Judgment Motion (Doc. 43) is denied as moot.

     Dated this 14th day of May 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
